McGRATH v. BASSICK ET AL.

The issues being as to whether defendant had in the year 1882 performed the $100 worth of annual work required by law on a certain mining claim, defendant testified that he and his hired man worked on the mine seventeen days and expended $8 besides. The current wages of miners were $3 per day, but defendant gave evidence to show that he and his man did more work in the same length of time than the ordinary laborer would perform. The testimony was conflicting as to the character of the material removed, and the consequent ease or difficulty with which the work could have been done. *Held*, that a verdict for defendant would not be set aside as manifestly against the weight of evidence.

*Error to District Court of Saguache County.*

Messrs. BLACKBURN and DALE, for plaintiff in error.

Mr. M. M. KELLOGG, for defendants in error.

DE FRANCE, C. This action was brought by McGrath, the plaintiff in error, against Bassick and Stipe, the defendants in error, to recover the possession of a mining claim called the "Mountain Bell," and for injunction relief. The defendants claimed to be the owners of the

lode and ground embraced by the Mountain Bell claim,
by virtue of a previous location, made in January, 1877,
under the name of the "Four Ace Mining Claim," and
a subsequent compliance with the law on their part. The
Mountain Bell was located in January, 1883. The con-
test in the case is over the question of whether the de-
fendants complied with the law as to the annual labor for
the year 1882. Two jury trials were had, the former re-
sulting in a discharge of the jury on account of their in-
ability to agree upon a verdict, and the latter in a verdict
for the defendants. Counsel for plaintiff in error say in
their argument: "If the defendants, Bassick and Stipe,
complied with the law as to annual labor or improve-
ments in the year 1882, the plaintiff is entitled to noth-
ing." By this concession we are relieved from a consid-
eration of all the errors assigned except that which assails
the verdict as being against the weight of the evidence.

There are numerous decisions of this court holding to
the rule that where there is a conflict in the evidence,
and the verdict is not manifestly against the weight of
the evidence, the verdict of a jury will not be disturbed.
*Barker v. Hawley*, 4 Colo. 316. The evidence shows that
the defendants performed a certain amount of work upon
the Four Ace claim in 1882, as and for the annual labor
required by law for that year. The plaintiff claims that
the reasonable value of the work so done, including all
expenditures, does not exceed the sum of $59, as shown
by the testimony; while the defendants insist that it ex-
ceeds the sum of $100, the amount in value of the labor
or expenditure required by law to be done or expended
annually upon a mining claim, not patented, in order to
hold the same. The defendant Stipe, in his testimony,
says that the work so done for the year 1882 by the
defendants upon the Four Ace claim was done by him and
a hired man, between 10 o'clock of the 26th day, and
half-past 12 o'clock of the 31st day of December, 1882;
that they worked day and night — the hired man about

three nights, and he (Stipe) about four nights — during that time, and that the expenditures for powder, fuse, etc., outside of said labor, amounted to about $8. The work consisted of a cross-cut or drift from the main tunnel, and there is but little variance in the testimony as to the dimensions thereof; one witness testifying that he measured it, and that it measured eleven feet and five inches in length, six feet and five inches in height, and four feet and six inches in width one foot from the bottom, and three feet and nine inches in width one foot from the top. At the time this work was done the usual wages for miners in the locality of this mine were $3 per day. A number of witnesses testify on behalf of the plaintiff as to the worth or value of said work at the time and place it was done, and these varied in their testimony from $2.50 to $5 per foot in length of said cut or drift, while a number testified on behalf of the defendants that it was worth from $9 to $10 per foot. These witnesses all claimed to be experienced miners, and that they had taken into consideration the character of the work and of the material in which it was done, as well as the time and place of doing it. The defendant Stipe testifies, in effect, that he and his hired man did more work in the same length of time, while engaged at this work, than the ordinary laborer would perform. The court below refused the instructions asked by the parties, and gave instructions of its own to the jury, to which we discover no valid objection. The plaintiff insists that the verdict of the jury is manifestly against the weight of the evidence, and asks that the judgment be reversed for that reason; claiming that the time consumed in the performance of the work, and the price per day for labor, are the controlling facts in relation to the value thereof, and that the jury should have been governed thereby. It is not disputed that miners' wages were but $3 per day in the vicinity of the mine in dispute at the time this work was performed, and, taking the testimony of the defendant

Stipe as to the time consumed in doing the work, the total time is but seventeen days for one man. We would thus have $51 for the labor, and if we add to this the $8, which Stipe says would cover the total cost outside of the labor, we find that the actual cost of the whole work done would amount to only $59, if judged of in this manner and by this standard. If these facts constituted the only evidence in the case upon this question, the claim of counsel for plaintiff in error might have to be conceded. But there is other evidence. Stipe testified, substantially, that he and his hired man did more than the ordinary laborer would have done in the same time, and there was a conflict in the evidence as to the character of the material which was removed, and the consequent ease or difficulty with which the work may have been done, several witnesses testifying that it was worth from $9 to $10 per foot. It was the province of the jury to weigh the evidence, as well as to judge of the credibility of the witnesses, and we cannot say that the court erred in denying the motion for a new trial. The judgment should be affirmed.

STALLCUP and RISING, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*